1  David T. Biderman, Bar No. 101577
   DBiderman@perkinscoie.com
2  Jasmine W. Wetherell, Bar No. 288835
   JWetherell@perkinscoie.com
3  PERKINS COIE LLP
   1888 Century Park East, Suite 1700
4  Los Angeles, California 90067-1721
   Telephone: +1.310.788.9900
5  Facsimile:  +1.310.788.3399

6  Attorneys for Defendant Century Snacks, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACIE GOMEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTURY SNACKS, LLC,<br><br>Defendants. | Case No. 5:25-cv-00708<br><br>(Removed from the Superior Court of the State of California County of Santa Clara, Case No. 24CV453580)<br><br>**DEFENDANT CENTURY SNACKS, LLC'S NOTICE OF REMOVAL**<br><br>Compl. filed December 9, 2024<br><br>[*Declaration of Kevin Harris in support thereof filed concurrently with this notice*] |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1446, Defendant Century Snacks, LLC ("Defendant" or "Century"), hereby removes to this Federal Court the state court action described below.

## THE STATE COURT ACTION

On December 9, 2024, Plaintiff Tracie Gomez ("Plaintiff") filed a putative Class Action Complaint in the Superior Court of California in and for the County of Santa Clara, tilted *Tracie Gomez, individually, and on behalf of all others similarly situated v. Century Snacks, LLC*; Case No. 24CV453580. Pursuant to 28 U.S.C. § 1446(a), a copy of the putative Class Action Complaint filed in that action is attached hereto as Exhibit 1. Plaintiff served Defendant with a copy of the putative Class Action Complaint and Summons from the Superior Court on December 19, 2024. A copy of the Summons and Proof of Service is attached hereto as Exhibits 2 and 3 respectively. A copy of the Civil Cover sheet is attached as Exhibit 4 and a copy of the state court docket is attached as Exhibit 5.

The Complaint alleges three causes of action against Defendants: (1) Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*; (2) California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and (3) Breach of Express Warranty. Ex. 1 (Compl.) ¶¶56-86. The claims arise out of Defendant's alleged "unfair" and/or "unlawful" labeling claims relating to certain of Defendant's Snak Club products (the "Products"). *Id*. ¶¶ 3-7.

Plaintiff brings this action as a putative class action. *See*, *e.g.*, *id*. ¶ 44. She seeks to represent a class of "[a]ll persons who purchased the Products for personal use in the United States within the applicable statute of limitations until the date class notice is disseminated." *Id*. Plaintiff alleges that there are "thousands of consumers who are" members of the putative class. *Id*. ¶ 48.

Plaintiff seeks, among other things, the following forms of relief: (1)

disgorgement and restitution; (2) an award of actual damages, (3) punitive damages, (4) "[a]n award of attorney fees and litigation costs," (5) injunctive relief. Compl. at pp. 19, 22-23, Prayer for Relief.

## GROUNDS FOR REMOVAL

**A.     This Action Is Removable Under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453.**

"[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under § 1441 because the District Courts of the United States have original jurisdiction over it pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, and as shown in the accompanying Declaration of Kevin Harris (hereinafter "Harris Decl."), these requirements are met here.

**B.     This Is a Putative Class Action in Which the Aggregate Number of Members Is 100 or More.**

This action is a putative class action within the meaning of CAFA. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff filed this action pursuant to section 382 of the California Code of Civil Procedure, which authorizes "one or more [to] sue . . . for

the benefit of all" when "the question is one of common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court," Cal. Civ. Pro. § 382. The requirements of class certification under § 382 "parallel those of Fed. R. Civ. P. 23." *Vigil v. Naturals*, 2016 WL 6806206, at *3 (C.D. Cal. Nov. 17, 2016).

Likewise, as Plaintiff alleges, the putative class contains 1000 or more members. *See* Compl. ¶ 48 ("Plaintiff believes that there are thousands of consumers who are Class Members[.]")

### C. The Amount in Controversy Exceeds $5,000,000

CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). Where, as here, the plaintiff does not allege an amount in controversy in the complaint, "a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal." *Ibarra v. Manheim Invs.*, 775 F.3d 1193, 1197–98 (9th Cir. 2015). If defendant's assertions are challenged, it bears the burden of establishing the amount in controversy by a preponderance of the evidence. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014). Defendant may submit this evidence in opposition to plaintiff's motion to remand. *Id*. at 554.

Here, Plaintiff's request for damages places far more than $5,000,000 in controversy.[1] *See* Compl. at pp. 19, 22-23. Plaintiff seeks restitution, damages, disgorgement, attorney's fees and costs, in addition to punitive damages. *Id*. Plaintiff alleges that she and class members "would not have purchased" the Products had she known that the Products allegedly "contained an artificial preservative ingredient," *id*. ¶ 13, meaning Defendant could be liable for the entire

---

[1] Defendant disputes that Plaintiff is entitled to any relief.

amount nationwide consumers spent on the Products during the class period, and more in the case of punitive damages. As detailed in the Declaration of Kevin Harris filed in support of this Notice of Removal, Defendant sold more than $5,000,000 of the Products nationwide during the class period, Harris Decl. ¶ 5. For these reasons, it is clear that the amount in controversy exceeds $5,000,000, and CAFA jurisdiction is proper.

### D. The Parties Are Minimally Diverse

The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff Tracie Gomez is a citizen of California who is domiciled in Santa Clara County, California. Compl. ¶ 12; *see Rice v. Thomas*, 64 F. App'x 628, 628–29 (9th Cir. 2003) (explaining that an individual is domiciled in a place if she resides and has an intent to stay there). However, Plaintiff also seeks to represent a class of "[a]ll persons who purchased the Products for personal use in the *United States* within the applicable statute of limitations until the date class notice is disseminated." Compl. ¶ 44 (emphasis added). Therefore, it is reasonable to assume that at least one of these consumers is domiciled outside of California.

The Defendant, as an LLC, has citizenship based on the citizenship of each member. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016). Defendant is a Delaware limited liability company (*see* Compl. ¶ 11) and has one member, SCNCS, LLC, a Delaware limited liability company; SCNCS, LLC, has one member, Snack World, LLC, another Delaware limited liability company. Snack World, LLC, in turn, has four members:

(1) Insignia SC Holdco, Inc., a Delaware corporation;

(2) Shadi Enterprises, LLC, a California limited liability company;

(3) Morovati, LLC, a California limited liability company; and

(4) Snak Club, Inc., a California corporation.

So, Defendant may be a citizen of California. However, because Plaintiff seeks to represent a nationwide class, it is reasonable to assume that Defendant is a citizen of a different state from at least one member of the class of plaintiffs, and CAFA's minimal diversity requirements are met. *See* 28 U.S.C. § 1332(d)(2). *See e.g., King v. Safeway, Inc.*, No. C-08-0999 MMC, 2008 WL 1808545, at *1 (N.D. Cal. Apr. 22, 2008) (concluding California citizen defendant met burden of showing minimal diversity where class consisted of "[a]ll persons in the State of California who purchased organic milk or milk products from [defendant]," because class definition was *not* a class limited to California citizens).

### E.  Venue and Intra-district Assignment Are Proper.

The Northern District of California is the proper venue for this action upon removal because this district embraces the California Superior Court, County of Santa Clara, where the Complaint was filed and is currently pending. *See* 28 U.S.C. § 1441(a).

### F.  Defendant Has Satisfied All Other Requirements of the Removal Procedure

This Notice of Removal is timely filed. Defendant was served with a copy of the Complaint and Summons on December 19, 2024. Defendant filed and served this Notice of Removal within 30 days of service of the Complaint in compliance with 28 U.S.C. § 1446(b).

As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon the Defendants are being filed herewith. Copies of the putative Class Action Complaint, the Civil Case Cover Sheet, Summons, and Proof of Service are attached hereto as Exhibits 1–4. A true and correct copy of the state court's docket is attached hereto as Exhibit 5.

Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve on Plaintiff and file with the Superior Court a "Notice to Adverse Party of Removal to Federal Court." Pursuant to Federal Rule of Civil Procedure 5(d), Defendant will also file

with this Court a "Certificate of Service of Notice to Adverse Party of Removal to Federal Court."

## RESERVATION OF RIGHTS AND DEFENSES

Defendant expressly reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Defendant's defenses. *See, e.g., Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

## CONCLUSION

WHEREFORE, Defendant requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from Santa Clara County Superior Court, and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action.

Dated: January 21, 2025          **PERKINS COIE LLP**

By: /s/ Jasmine Wetherell
David T. Biderman, Bar # 101577
Jasmine W. Wetherell, Bar # 288835